UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                                                          CRIMINAL ACTION NO. 3:21CR-101-DJH

ANDRE ROSS, et al.                                                                                          DEFENDANTS

### GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
*(Electronically Filed)*

The United States, through Assistant UnitedStates Attorney Thomas W. Dyke, hereby moves, pursuant to Federal Rule of Criminal Procedure 16(d)(1), for a protective order regarding discovery in this case. In support of its motion, the United States sets forth as follows:

On August 18, 2021, a federal grand jury indicted the defendants with various violations of federal law, including conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; possession of a firearm by a convicted felon, in violation of 18 U.S.C.§ 922(g)(1), and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).

This prosecution is the product of an investigation by federal and state authorities into alleged narcotics trafficking and firearm possession by the four named defendants. The government anticipates that discovery in this case—which consists of reports prepared by law enforcement agents, audio and video recordings of narcotics purchases, photographs, and reports of scientific examinations of evidence—will be voluminous.

Through the investigation, the investigating agents have discovered information indicating that at least two of the defendants, Andre Ross and Seiko Ross, are confirmed members of a criminal street gang, the Gangster Disciples. Their status as confirmed Gangster Disciple members is noted in criminal history documents from the state of Mississippi. Additionally, handwritten documents seized during the search of an apartment associated with the defendants at 4211 Norene Lane, Apt. Number 1, reflect Gangster Disciple membership.

The United States is concerned that if the defendants in this case were provided with copies of these materials to retain for themselves, these materials could be disclosed to or circulated among third parties inside or outside the facilities where the defendants are currently being held. Dissemination of these materials could result in the intimidation of, or retaliation against, potential government witnesses. The dissemination of discovery materials in prison facilities or elsewhere thus potentially jeopardizes the safety of persons who have provided information to the government in connection with this investigation.

In order to ensure the safety and privacy interests of witnesses who are observable in video recordings, whose voices are identifiable on audio recordings, or who are identifiable inferentially in the discovery materials in this case, the government respectfully requests that the Court enter a protective order permitting defense counselto review these discovery materials with the defendants but preventing defense counsel from providing the defendants, or anyone associated with the defendants other than members of the defendants' legal defense team, with copies of these materials to retain for themselves.

Federal Rule of Criminal Procedure 16(d)(1) provides, in pertinent part, that, "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." And it is settled that trial courts maintain significant flexibility in

employing protective orders which restrict the use of materials produced in discovery. See Alderman v. United States, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."); United States v. Garcia, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extendedindependent review of [Jencks Act] materials in the privacy of their cells"); United States v. Salemme, 978 F. Supp. 386, 389-90 (D. Mass. June 26, 1977) (limiting dissemination of discovery materials to certain authorized individuals). Trial courts, moreover, routinely tailor protective orders to limit the dissemination of discovery, in order to minimize the risks that dissemination of such information poses to the safety of potential witnesses. See, e.g., United States v. Dent, No. SACR 16-00029(B)-CJC, 2017 WL 1025162, at *3-5 (C.D. Cal. Mar. 15, 2017) (declining to lift protective order preventing counsel from providing copies of discovery to defendant for defendant's retention where government showed that potential dissemination of such discovery posed a threat to witnesses and their families); United States v. Mitchell, No. 1:15-cr-00040-JAW- 3, 2016 WL 7076991, at *1-4 (D. Maine Dec. 5, 2016) (issuing protective order preventing counsel from providing copies of discovery to defendant for defendant's retention, given concerns that such material could be disseminated by gang members and used to intimidate witnesses); United States v. Johnson, 191 F. Supp. 3d 363, 369-371 (M.D. Penn. May 11, 2016) (declining to rescind protective order in part to protect cooperating witnesses and confidential investigative techniques);United States v. Cordova, 806 F.3d 1085, 1090-91 (D.C. Cir. 2015) (defendant suffered no prejudice from the district court's protective order precluding defendant from possessing copies ofJencks material when defendant was allowed advanced receipt of, and defense counsel had full access to, the Jencks

material); United States v. Palmer, No. 10 Cr. 910(JSR), 2011 WL 672412, at *1 (S.D.N.Y. Feb. 14, 2011) ("[Jencks material] is often copied, passed around prisons throughout the country, and used to retaliate against cooperators.") (citations omitted); United States v. Guerrero, No. 09 CR 339, 2010 WL 1506548, at *13 (S.D.N.Y. Apr. 14, 2010) (precluding defendant from possessing any Jencks material in any jail facility except that defendant may review Jencks material in the possession of defense counsel and in the presence of defense counsel in order to protect government witnesses.); United States v. Barbeito, No. 2:09-cr-00222, 2009 U.S. Dist. LEXIS 102688, at *7-8 (S.D. W. Va. Oct. 30, 2009) ("It is appropriate . . . to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants."); United States v. Scott, No. 1:05-CR-443- 11, 2008 WL 4372814, at *1-2 (M.D. Pa. Sept. 19, 2008) ("[C]areful restriction on the use of [Jencks Act] material . . . warranted, considering the wide dissemination of [Jencks Act] materials within the prison system and the possibility that hard evidence of cooperation with the Government can facilitate witness intimidation or retaliation.").

 The United States' concerns about the safety of witnesses and others provide good cause to enter a protective order. *See* Fed. R. Crim. P. 16 advisory committee note to 1974 amendment ("Although [Rule 16(d)(1)] does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.").

 The government thus respectfully requests that the Court exercise its discretionary power and issue the attached Protective Order restricting the dissemination of discovery in this case in a manner that preserves the defendants' ability to review discovery materials but also ensures the safety of potential witnesses in this case.

## CONCLUSION

WHEREFORE, for the reasons described above, the United States respectfully requeststhat this Court grant this Motion and issue the attached proposed Protective Order.

Respectfully Submitted,

MICHAEL A. BENNETT
ACTING UNITED STATES ATTORNEY

*s/ Thomas W. Dyke*
Thomas W. Dyke
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7042 (tel)
(502) 582-5912 (fax)

## CERTIFICATE OF SERVICE

On October 8, 2021, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

*s/ Thomas W. Dyke*
Assistant United States Attorney

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                   CRIMINAL ACTION NO. 3:21CR-101-DJH

ANDRE ROSS, et al.                                                                        DEFENDANTS

<u>PROTECTIVE ORDER</u>

Upon motion of the United States of America for the entry of a protective order, and the Court being sufficiently advised, it is hereby **ORDERED** that the United States' Motion for a Protective Order is **GRANTED**.

**IT IS HEREBY ORDERED** that for any Rule 16 Discoverable Material, Sealed Items, or *Jencks* Material that the government produces to Defendants in this case after the date of entry of this Order, Defendants and their counsel shall:

   a. conduct any review of such materials in the office of defense counsel or at the detention facility where the defendant is housed;

   b. ensure that no copies of such materials leave the custody of defense counsel or be left at any detention facility;

   c. not discuss, disseminate, or disclose such materials, including their contents, to anyone other than the named Defendants and their counsel (including full-time legal staff of counsel andattorneys formally associated with the law firm), except upon the express authorization of the Court;

   d. return all hard drives and discs containing such materials to the United States at the close of trial or when any appeal becomes final; and

   e. destroy all physical copies of the Sealed Items and *Jencks* Material at the close of trial or when any appeal has become final.