**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES J. VILT, JR. - CLERK

**OCT 2 4 2022**

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA                                            PLAINTIFF

vs.                                                              3:21-CR-00101-DJH

SEIKO ROSS                                                          DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), the United States of America, by

Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant,

Seiko Ross, and his attorney, Jonathan S. Ricketts, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Superseding Indictment

in this case with violating 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(viii), 841(b)(1)(C), and

841(b)(1)(D), as well as 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), and 924(a)(2). Defendant further

acknowledges that the Superseding Indictment in this case seeks forfeiture of any and all

property constituting, or derived from, proceeds that defendant obtained directly or indirectly, as

a result of violating 21 U.S.C. §§ 841(a)(1) and 846 as well as all firearms and ammunition

involved in violating 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A), including but not limited to: a

Jimenez Arms model JA Nine 9 millimeter semiautomatic pistol bearing serial number 421272; a

Bryco model 380 Auto, .380 caliber, semiautomatic pistol bearing serial number 1260293; a CZ

model Scorpion 9 millimeter semiautomatic pistol bearing serial number C776591; and

ammunition.

2.      Defendant has read the charges against him contained in the Superseding

Indictment, and those charges have been fully explained to him by his attorney. Defendant fully

understands the nature and elements of the crimes with which he has been charged.

3.     Defendant will enter a voluntary plea of guilty to Counts 1, 12, 13, 14, 15, and 17 in this case.  Defendant will plead guilty because he is in fact guilty of the charges.  The parties agree to the following factual basis for this plea:

All of the conduct set out below occurred in Jefferson County, Kentucky. Jefferson County is in the Western District of Kentucky.

Between May 1, 2021, and August 12, 2021, **Seiko Ross** conspired with Andre Ross, Cory Ross, Robert Ross, and others. The object of the conspiracy was to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, and a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine.

On or about July 29, 2021, law enforcement officials executed a search warrant. They found **Seiko Ross**, to knowingly and intentionally be in possession with the intent to distribute the following:
   a.  Five grams or more of methamphetamine. Lab results showed 42.06 grams of actual methamphetamine;
   b.  A mixture or substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine. Lab results showed 24.376 grams of cocaine base;
   c.  A mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl. Lab results showed total of 23.439 grams of fentanyl; and
   d.  Marijuana. Lab results showed 336 grams of marijuana.

Prior to execution of the search warrant on July 29, 2021, **Seiko Ross** had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year (that is, a felony). **Seiko Ross** knew he had been convicted of a felony by virtue of the following convictions:
   a.  On or about March 20, 2019, in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 18-CR-001840 – possession of a firearm by a convicted felon;
   b.  On or about November 7, 2016, in Rankin Circuit Court, Rankin County, Mississippi, in Case ID Number 16747 – possession of a firearm by a convicted felon; and
   c.  On or about March 19, 2012, in Hinds Circuit Court, Hinds County, Mississippi, in Cause ID Number 11137200WAG – possession of a firearm by a convicted felon.

When law enforcement executed the search warrant referenced above, **Seiko Ross** knowingly possessed, in an affecting commerce a firearm. The firearms he possessed included the following:

    a. A Jimenez Arms model JA Nine 9 millimeter semiautomatic pistol bearing serial number 421471;

    b. A Bryco model 380 Auto, .380 caliber semiautomatic pistol bearing serial number C77651;

    c. A CZ model Scorpion 9 millimeter semiautomatic pistol bearing serial number C776591;and

    d. Various ammunition.

4.    Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of five years, a combined maximum term of imprisonment of 115 years, a combined maximum fine of $3,505,000.00, and supervised release of at least four years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit the property set out in numbered paragraph 1, above.

5.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea

may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.    Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.    Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.    If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the Superseding Indictment counts to which he pleads guilty.

9.     Restitution is not an issue in this case.

10.    Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 30 and will pay the assessment in the amount of $600.00 to the United States District

Court Clerk's Office by the date of sentencing.

11.    At the time of sentencing, the United States and the defendant agree to the

following:

> -move for dismissal of Count 16 of the Superseding Indictment.
>
> -agree that a sentence of 175 months' imprisonment is the appropriate disposition of this case.
>
> -agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing, based upon a determination of Seiko Ross's ability to pay – as set out in the PSR.[1]
>
> - demand forfeiture of all property identified in numbered paragraph 1, above.

12.   Defendant agrees to the following waivers of appellate and post-conviction rights:

> A.   The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.
>
> B.   The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and
>
> C.   The Defendant knowingly and voluntarily waives the option to file a motion to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Superseding Indictment and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant.

13.     This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.  Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of defendant's assets other than those specifically delineated in this Agreement.  This Agreement does not bind the Internal Revenue Service from the collection of taxes.

14.     Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

any and all property constituting, or derived from, proceeds that defendant obtained directly or indirectly, as a result of violating 21 U.S.C. §§ 841(a)(1) and 846 as well as all firearms and ammunition involved in violating 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A), including but not limited to:

      a.   a Jimenez Arms model JA Nine 9 millimeter semiautomatic pistol bearing serial number 421272;

      b.   a Bryco model 380 Auto, .380 caliber, semiautomatic pistol bearing serial number 1260293;

      c.   a CZ model Scorpion 9 millimeter semiautomatic pistol bearing serial number C776591; and

      d.   ammunition.

15.     By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 14 above, and to take whatever steps are necessary to pass clear title to the United States.  These steps include but are not limited to surrender of title, the signing of a consent

6

decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

16.     Defendant agrees to a pre-plea investigation by the United States Marshal's Service for the purpose of assessing the value of each and every asset.  Defendant agrees to undergo a full debriefing in order to accomplish this end.

17.     Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Superseding Indictment.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Superseding Indictment based upon any pending or completed administrative or civil forfeiture actions.

18.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

20.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies, or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

21.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

22.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

23.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

24.     The  Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

25.     If the Court refuses to accept this agreement and impose sentence in accordance with its terms or dismiss Count 16 according to the United States' motion pursuant to Fed. R. Crim. P. 11(c)(1)(A) and/or (C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the District Court's subsequent acceptance of this Plea Agreement.  If this Agreement allows Defendant to plead to a lesser-

8

included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he may have with respect to the greater offense if the Court subsequently rejects the parties' plea agreement--even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

26.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.  Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence.  If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement.  Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

27.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats

been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____     _____ 10/24/2022
Jo E. Lawless                                Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.


_____     _____ 10/24/22
Seiko Ross                                   Date
Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     _____ 10/24/22
Jonathan S. Ricketts                         Date
Counsel for Defendant

MAB:JEL:221004

10