UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                                                                CRIMINAL NO.3:21CR-101-DJH

ANDRE ROSS
CORY ROSS
ROBERT ROSS
SEIKO ROSS                                                                                       DEFENDANTS

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court for consideration of the United States' Motion for Preliminary Order of Forfeiture.

The Notice of Forfeiture in the Superseding Indictment notified the defendants of the United States' intention to seek forfeiture of certain property, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461, on the ground that the property facilitated and/or was involved in the violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B)(iii), 841(b)(1)(B)(viii), 841(b)(1)(C), 841(b)(1)(D), and 846 as well as 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 8, 2022, Andre Ross pled guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 as well as 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in Counts 1 and 3 of the Superseding Indictment.  On October 18, 2022, Cory Ross pled guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C), and 846, as charged in Counts 1, 4, 5, and 6 of the Superseding Indictment.  On October 24, 2022, Robert Ross pled guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 as well as 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in Counts 1, 8, 9, and 11 of the Superseding Indictment.  On October 24, 2022, Seiko Ross pled guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii),

841(b)(1)(C), 841(b)(1)(D), and 846 as well as 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in Counts 1, 12, 13, 14, 15 and 17. Pursuant to the Plea Agreements, all of the defendants agreed to forfeit the property described in the Bill of Particulars, the Notice of Forfeiture in the Superseding Indictment and the attached proposed Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461.

Therefore, the Court having reviewed this matter and being otherwise sufficiently advised, **IT IS HEREBY ORDERED:**

(1) Based on the defendants' guilty pleas to Counts 1, 3, 4, 5, 6, 8, 9, 11, 12, 13, 14, 15, and 17 of the Superseding Indictment, the Court finds that the following property represents proceeds and property that facilitated and/or was involved in the crimes to which the defendant pled guilty, and therefore is forfeited to and may be seized by the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a. $2,465.00 in U.S. Currency;
    b. $5,876.00 in U.S. Currency;
    c. $1,172.00 in U.S. Currency;
    d. $3,848.00 in U.S. Currency;
    e. $3,959.00 in U.S. Currency;
    f. Samsung cell phone, Galaxy A20;
    g. Amazon tablet, Model # M2Y3RS;
    h. White iPhone;
    i. Black Samsung, IMEI 355792261591971;
    j. Black smartphone in black case;
    k. LG black phone in blue;
    l. Motorola, Inc. Moto G7 Play XT2093-7;
    m. iPhone model A 1661;
    n. Ruger LCP 380 bearing serial number 371562386[1];
    o. CZ pistol bearing serial number C776591[2];
    p. Bryco Arms, T-380, .380 caliber, SN: 1260293[3];

---

[1] Firearm has been determined as stolen and will be returned to the owner assuming that the owner is able to possess a firearm under the current law.
[2] Firearm may be stolen, determination pending.
[3] Firearm may be stolen, determination pending.

2

  q. Jimenez Arms, Inc. JA Nine, 9mm handgun, SN: 421471[4];
  r. Glock, Model 43, 9 caliber pistol, SN: AFNM926;
  s. Citadel, 12 caliber, 12 gauge shotgun, SN: 20-67526;
  t. Harrington & Richardson, Inc., 20 gauge shotgun, SN: AZ548257;
  u. Browning Auto 5, 12 gauge, SN: 405364;
  v. Remington, .25 caliber rifle, SN: E6603134;
  w. CBC, Model 151 shotgun, .20 caliber, SN: 29-051442;
  x. Ruger LCP .380 caliber pistol;
  y. North American Arms, Model NAA22, .22 caliber revolver, SN: 371562386;
  z. Century International Arms, M70AB2, 7.62x39mm, semiautomatic rifle, SN: M70AB07705;
  aa. Diamondback FA, 5.56 caliber pistol, SN: DB2468140;
  bb. Citadel, FA 25, 12 gauge shotgun, SN: 2047027;
  cc. Norinco, 7.62x39 rifle, SN: 7002213005187;
  dd. Radical FA, RF15, .223 caliber semiautomatic rifle, SN: RN22663;
  ee. Masterpiece, MPA 930T, 9 caliber pistol, SN: FX24209;
  ff. Cobray Co. Derringer DD, .45 caliber handgun, SN: C00008200;
  gg. Taurus, .357 magnum revolver, SN: NE955208;
  hh. Canik 55, TP-9SF, 9mm Luger, SN: T647217AR15905; and
  ii. Miscellaneous Ammunition.

  (2) The United States, the United States Marshals Service or any duly authorized law enforcement agency (hereinafter "custodian") shall seize the property subject to forfeiture if not in its custody, and shall maintain the property in its secure custody. If necessary, the custodian may appoint a substitute custodian.

  (3) Pursuant to 21 U.S.C. § 853 and Rule G(4) of the Supplemental Rules, the custodian shall publish on the Internet at www.forfeiture.gov for 30 consecutive days: notice of this order, notice of the custodian's intent to dispose of the property in such a manner as the Attorney General may direct, and notice that any person, other than the defendant, who has or claims a legal interest in the above property must file a petition with this Court within thirty (30) days of the final publication date, receipt of actual notice, or within sixty (60) days of the first day of

---

[4] Firearm may be stolen, determination pending.

publication on the Internet, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, and interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. This notice shall also state that a copy of the petition must be served on the United States Attorney's Office, 717 West Broadway, Louisville, Kentucky 40202.

(4) The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is subject to this order of forfeiture.

(5) Pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(m), the United States is authorized to conduct appropriate discovery and to conduct any necessary ancillary proceedings as provided by 21 U.S.C. § 853(n) as to the rights of third parties who may have an interest in the property forfeited herein, or to identify any substitute assets as defined by 21 U.S.C. § 853(p).

(6) If, as a result of the adjudication of third party interests, it becomes necessary to initiate forfeiture proceedings under 21 U.S.C. § 853(p) regarding defendant's interest in substitute assets other than those listed in this order, the Court shall identify such substitute assets by entering an amended preliminary order of forfeiture, and at that time shall authorize appropriate additional discovery and ancillary proceedings regarding those assets. Upon adjudication of all third party interests in the property identified by this order and any subsequent amended orders, this Court shall enter a final order of forfeiture authorizing the custodian to take title to any interest forfeited to the United States and allowing the custodian to dispose of the property in accordance with law, pursuant to Rule 32.2 and 21 U.S.C. § 853.

(7) This order shall be and is hereby fully incorporated and made part of the defendant's

Judgment and Commitment, without further order of this Court, to be entered on or about sentencing of the defendant.

November 29, 2022

David J. Hale, Judge
United States District Court