UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 3:21-CR-00101-DJH |
| ) | |
| ) | |
| SEIKO ROSS, ) | |
| ) | |
| Defendant ) | |

## SENTENCING MEMORANDUM

Comes now the Defendant, Seiko Ross (hereinafter "Mr. Ross"), by and through counsel, and respectfully submits this sentencing memorandum in advance of his sentencing hearing currently scheduled for February 1, 2023, at 10:30 a.m.

### I. INTRODUCTION

On or about October 24, 2022, Mr. Ross entered a plea of guilty to Count 1 (Conspiracy to Possess with Intent to Distribute Controlled Substances), Count 12 (Possession with Intent to Distribute Methamphetamine), Count 13 (Possession with Intent to Distribute Cocaine Base), Count 14 (Possession with Intent to Distribute Fentanyl), Count 15 (Possession with Intent to Distribute Marijuana), and Count 17 (Possession of a Firearm by Prohibited Person) (DN 6), pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

### II. PRESENTENCE INVESTIGATION REPORT

Mr. Ross has received and reviewed his Final Presentence Investigation Report (PSR). Having found no substantial errors with the PSR, Mr. Ross has made no objections thereto.

### III. STATUTORY SENTENCING RANGE AND ADVISORY GUIDELINE RANGE

Mr. Ross pled guilty to Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1). This offense carries a minimum term of imprisonment of 10 years (120 months) with the maximum being life; a maximum fine of $10,000,000; and a supervised release period of not less than 5 years.

Mr. Ross also pled guilty to Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846, 21 U.S.C. 841(a)(1) and (b)(1)(C). This offense carries a maximum term of imprisonment of 20 years (240 months); a maximum fine of $1,000,000; and not less than 3 years of supervised release.

Mr. Ross pled guilty to Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). This offense carries a term of 5 years to 40 years imprisonment (60 to 480 months); a $5,000,000 fine; and not less than 4 years supervised release.

Mr. Ross pled guilty to Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). This offense carries a maximum term of 20 years (240 months) imprisonment; a $1,000,000 fine; and not less than 3 years supervised release.

Mr. Ross pled guilty to Possession with Intent to Distribute Fentanyl Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). This offense carries a maximum term of 20 years (240 months) imprisonment; a $1,000,000 fine; and not less than 3 years supervised release.

Mr. Ross pled guilty to Possession with Intent to Distribute Marijuana Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D). This offense carries a maximum term of 5 years imprisonment (60 months); a $250,000 fine; and not less than 2 years of supervised release.

Mr. Ross pled guilty to Possession of a Firearm by Prohibited Person in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). This offense carries a maximum term of 10 years imprisonment (120 months); a $250,000 fine; and not more than 3 years supervised release.

Mr. Ross's base offense level is 28. (DN 119 at 43). The PSR adjusted the total offense level by 4 levels for specific offense characteristics, for an Adjusted Offense Level (subtotal) of 32. (Id. at 49). Mr. Ross demonstrated recognition and affirmative acceptance of personal responsibility for his conduct. As such, the Offense Level was further adjusted with a two (2) level reduction and an additional one (1) level pursuant USSG §3E1.1(b). After all adjustments, Defendant's Total Offense Level came to 29. (Id. at 53). The PSR calculates a total criminal history score of 11 which establishes a criminal history category of V. (Id. at 62). Mr. Ross's guideline range, with an offense level of twenty-nine (29) and a Criminal History Category of V, is between 140 months to 175 months.

### IV. SENTENCING LAW AND THE APPROPRIATE SENTENCE FOR MR. ROSS

Pursuant to 18 U.S.C. § 3553, the Court "shall impose a sufficient, but not greater than necessary" sentence. Specifically, 18 U.S.C. § 3553(a) provides

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.1
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Sentences within the Federal Sentencing Guideline Range are presumed reasonable. *United States v. Ushery*, 785 F.3d 210, 223 (6th Cir. 2015). However, this case

presents the unfortunate situation where the Defendant will be sentenced to the high end of the guideline as a result of having to choose between cooperating with Government and receiving a sentence on the low end of his Guideline Range. Pursuant to the written plea agreement and Rule 11(c)(1)(C), the Defendant and the United States has agreed that a specific sentence of 175 months (14.5 months) is the appropriate disposition of the case. This recommendation binds the Court once the Court accepts the plea agreement. Furthermore, at the time of sentencing, the United States has agreed to move for dismissal of Count 16 of the Superseding Indictment.

As the Court is aware, Mr. Ross chose to enter a plea of guilty without government cooperation, a decision which required him to weigh the relative costs and benefits of each option. A large contributing factor in his final decision was the safety and status of inmates who cooperate with the Government. Such inmates are widely regarded as deserving of little to no respect and often synonymized with rapists and child molesters. David C. Pryooz, et al., *Look Who's Talking: The Snitching Paradox in a Representative Sample of Prisoners*, 61 BRIT. J. CRIMINOLOGY 1145, 1162-63 (2021). That being said, such cooperators face a significant risk of being physically harmed or threatened while in custody. MARGARET S. WILLIAMS, ET AL., SURVEY OF HARM TO COOPERATORS: FINAL REPORT (Fed. Jud. Ctr., 2016). Unfortunately, to reap the benefits of the sentencing scheme in play here and receive a presumptively reasonable sentence, one must potentially sacrifice personal safety. This was a sacrifice that Mr. Ross could not make.

In this case, the sentence of 175 month is reasonable considering his role in the crime, the information set forth in paragraph 72-77 of the PSR, as well as considering that

the U.S. has agreed to dismiss Count 16, which carries a minimum mandatory sentence of 60-month consecutive sentence. See DN 119, at Paragraph 81.

## V. CONCLUSION

For the foregoing reasons, Mr. Ross respectfully requests that the Court impose the Sentence of Imprisonment set forth in DN 103 The Plea Agreement.

Respectfully submitted,

/s/ Jonathan S. Ricketts
JONATHAN S. RICKETTS
RICKETTS LAW OFFICES, PLLC
4055 Shelbyville Road
Louisville, KY 40207
Tel. (502) 896-2303
Fax (502) 896-2362
jricketts@rickettslawoffices.com
*Counsel for Defendant,*
*Seiko Ross*

## **CERTIFICATE**

I hereby certify that on January 25, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of filing to the attorneys of record.

/s/ Jonathan S. Ricketts
JONATHAN S. RICKETTS
RICKETTS LAW OFFICES, PLLC
