UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                     PLAINTIFF

vs.                              CRIMINAL ACTION NO. 3:21CR101-DJH

SEIKO ROSS                                                           DEFENDANT

*-Electronically Filed-*
**SENTENCING MEMORANDUM**

The United States of America, by counsel, files this memorandum in support of sentencing which is currently scheduled for February 1, 2023. The United States has reviewed the presentence investigation report (PSR) and has no objections. We acknowledge receipt of the final PSR, including the addendum, and reiterate no objections. We do not anticipate calling any witnesses or there being any factual objections to the PSR. Consistent with the Plea Agreement, the United States will ask the Court to impose a sentence of 175 months' imprisonment. If the Court accepts the Plea Agreement, the United States will move to dismiss Count 16 of the Superseding Indictment.

**GUIDELINES CALCULATION**

The United States agrees with the offense conduct in the final PSR and its addendum. Similarly, Seiko Ross has advised, through counsel, he has no objection to the PSR and its calculations.

The total offense level is correctly calculated at 29. The United States also agrees with the criminal history calculation in the PSR. With a total offense level of 29 and a criminal history category V, the defendant's recommended Sentencing Guideline range is 140-175 months' imprisonment.

## SENTENCING FACTORS

The Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). The factors for the Court to consider when imposing a sentence include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
. . .

(5) any pertinent policy statement--
. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

When applying those factors to this case a 175-month sentence is sufficient, but not greater than necessary, to meet the objectives of 18 U.S.C. § 3553(a). Any variances or departures would be inappropriate.

Seiko Ross is a 38-year-old man with an extensive criminal record dating back over 20 years. He is no stranger to criminal activity involving drugs and firearms. The case at bar involves illicit drugs and firearms. The combination is a systemic cause of violence and demise

in our communities. In fact, Seiko Ross has pending charges in Jefferson Circuit Court for gun-related violence.

His history and characteristics reveal longstanding substance abuse issues. He started smoking marijuana at age 12. Four years later, he began using cocaine and alcohol. After being shot in 2020 (during a domestic violence incident), and his son being surrendered to state care, he started using fentanyl, heroin, methamphetamine, and became addicted to pain pills.

The recommended sentence set out in the Plea Agreement reflects the seriousness of the offenses, promotes respect for the law and provides just punishment. The Agreement is silent as to a term of Supervised Release, other than noting that a four-year term is required by statute. A combined sentence of 175 months in prison followed by four years of Supervised Release serves as a deterrent to Seiko Ross and others who may contemplate similar conduct. It also protects the public from further crimes of the defendant. The recommended sentence does not run afoul of the need to avoid sentencing disparities, in light of individualized sentencing.

Restitution is not an issue in the case. A motion for preliminary Order of Forfeiture has been filed.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that the Court accept the Plea Agreement and impose a sentence of 175 months' imprisonment followed by the statutorily required four-year term of Supervised Release.

> Respectfully submitted,
>
> MICHAEL A. BENNETT
> United States Attorney
>
> */s/ Jo E. Lawless*
> Jo E. Lawless
> Assistant United States Attorney
> 717 West Broadway
> Louisville, Kentucky 40202
> (502) 625-7065
> (502) 582-5097 (Fax)

Certificate of Service

I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on January 29, 2023.

> */s/ Jo E. Lawless*
> Jo E. Lawless
> Assistant United States Attorney